## SMITH v. SMITH.
### No. C-531-72.
Circuit Court, Alachua County.

June 3, 1975.

Richard A. Belz, Gainesville, Student Intern under supervision of Professor Don Peters of University of Florida College of Law, practicing under provisions of Article XVIII of the Integration Rule of the Florida Bar, for the petitioner.

JOHN A. H. MURPHREE, Circuit Judge.

This cause came on for final hearing on June 3, 1975, on petitioner's motion for a contempt order, and a default having been regularly entered by the clerk of this court upon respondent's failure to answer or otherwise plead, and respondent, Roy J. Smith, having been constructively served process by publication and the court having heard the testimony of Nancy R. Smith, petitioner, and having received and reviewed petitioner's evidence. and being fully advised in the premises, the court finds and decides as follows —

PROPERTY OWNERSHIP. Petitioner, Nancy R. Smith, and respondent, Roy J. Smith, own as tenants in common —

Lot six (6) of Highland Court Manor, Unit No. 1. as per plat as recorded in Plat Book E, Page 91, of the public records of Alachua County, Florida,

as provided by the final judgment for dissolution of marriage between petitioner and respondent, which was entered on September 29, 1972.

RESPONDENT'S PAYMENT OBLIGATION. Respondent, Roy J. Smith, as a result of said final judgment and as a result of an order on contempt hearing entered September 18, 1973, was under an obligation to —

Pay child support arrears of $280;

Pay mortgage payment arrears of $101;

Pay current child support of $20 per week;

Pay current mortgage payments of $50 per month.

RESPONDENT'S PAYMENT RECORD. As shown by the certified record of the clerk of the circuit court, as of February 13, 1975, respondent, Roy J. Smith, had made payments to petitioner. Nancy R. Smith, in compliance with said order in the amount of $902.

PROPERTY VALUE. As shown by the records of J. Pierce Smith, Alachua County Property Appraiser, the current assessed valuation of the property in issue is $14,000. As provided by Article VII, §4, of the Florida Constitution and Chapter 195 of the Florida Statutes, which is known as the "Property Assessment Administration and Finance Law," the state has a responsibility to secure a just valuation for ad valorem tax purposes of all property. Therefore, for the purposes of this action, the court finds the just value of the property in question is 14,000.

MORTGAGE BALANCE. As shown by the records of Mr. Thomas A. Brabham, Vice President, McKinney-Green, Inc., the outstanding principal balance of the mortgage on the property in issue was $9,498.20 on January 28, 1975.

PROCESS. The respondent was constructively served process by publication, and a default was property entered by the clerk of this court against the respondent.

JURISDICTION. This court has jurisdiction of the parties and the subject matter of this action.

RESPONDENT'S ARREARAGE. As shown on the "Analysis of Registry of Court Information" prepared by petitioner's student attorney, Richard A. Belz, which analysis was entered into evidence, the respondent, Roy J. Smith, will be in arrears in his payments to petitioner, Nancy R. Smith, as of May 31, 1975, in the amount of $2,259. This analysis is set forth below —

| | | |
|---|---:|---:|
| Original amount of arrears on 9-14-73: | | |
|     Child support | $ 280 | |
|     Mortgage | 101 | |
|     Total original arrearage | | $ 381 |
| Amounts due from Roy J. Smith: | | |
|     Child support at $20/week | | |
|         for 16 weeks in 1973 | 320 | |
|         for 52 weeks in 1974 | 1,040 | |
|         for 21 weeks in 1975 | 420 | |
|     Total child support due | | 1,780 |
| Mortgage payments at $50/month | | |
|         for 3 months in 1973 | 150 | |
|         for 12 months in 1974 | 600 | |
|         for 5 months in 1975 | 250 | |
|     Total mortgage payments due | | 1,000 |
| Gross amount due: | | $3,161 |

Amounts paid by Roy J. Smith:

| | |
|---|---|
| 10-19-73 | $170 |
| 11-16-73 | 201 |
| 1- 9-74 | 189 |
| 2-12-74 | 171 |
| 3-12-74 | 171 |

Total amount paid 902

Net amount due and owing by Roy J. Smith $2,259

(thru 5-31-75)

PROPERTY EQUITY. Based on the current assessed valuation of $14,000 and the mortgage balance of $9,498.20, the equity in the property owned by petitioner and respondent as tenants in common is $4,501.80. This equity is owned in the amount of $2,250.90 by each party.

REMEDY. Sequestration and sale of respondent's interest in the property owned by petitioner and respondent as tenants in common is an inadequate remedy at law, and garnishment is not available against real property. A decree based on this court's equitable powers is the most appropriate, in light of all the circumstances of this case.

OWNERSHIP. The reasonable approximate value of respondent's equity interest is equal to the current arrearages owed by respondent, Roy J. Smith, to petitioner, Nancy R. Smith, and the petitioner is entitled to, and is hereby declared to be the sole owner in fee simple absolute of the property described as —

> Lot six (6) of Highland Court Manor, Unit No. 1, as per plat as recorded in Plat Book E, Page 91, of the public records of Alachua County, Florida.

subject only to restrictions, easements, and mortgages of record. Respondent is hereby ordered to immediately execute a warranty deed in favor of the petitioner, Nancy R. Smith, of the above described property. If the respondent does not comply with this order and execute said warranty deed, then this order shall be considered to have the same operation and effect as if the conveyance had been executed conformably to it.

CONTEMPT. This court defers ruling on the question of whether respondent, Roy J. Smith, is in contempt of this court until such time as the respondent can be personally served with process or otherwise appears before this court.

CONTINUING JURISDICTION. This court specifically reserves jurisdiction to enter any further orders respecting the relative rights and duties of the petitioner and respondent as to —

64

a. The order on contempt hearing entered September 18, 1973,

b. this order on contempt hearing.

In particular, respondent, Roy J. Smith, has, by this order, no further obligation for past child support and mortgage payments up to the date of this order. However, by the terms of the order on contempt hearing entered September 18, 1973, respondent, Roy J. Smith, is still under an obligation to —

a. Pay current child support of $20 per week; and

b. Pay current mortgage payment of $50 per month.

This continuing and future obligation is in no wise cancelled by the order entered herein and respondent, Roy J. Smith, is directed to pay such obligation commencing with the first Monday after the date of this order.